## MAYER v AMES et

Ohio Appeals, 1st Dist, Hamilton Co

No 5234.   Decided April 12, 1937

Alfred H. Myers, Cincinnati, and Cedric Vogel, Cincinnati, for appellant.

John D. Ellis, Cincinnati, and Francis T. Bartlett, Cincinnati, for appellees.

## OPINION

By ROSS, PJ.

Appeal on questions of law and fact from the Court of Common Pleas of Hamilton County.

A general demurrer is filed to the petition. This raises two questions only:—Does the court have jurisdiction over the subject-matter of the action? Does the petition state a cause of action? This action is brought by a taxpayer to enjoin the appellees from enforcing or attempting to enforce the provisions of a certain penal ordinance of the city of Cincinnati, and from making or attempting to make any expenditures or disbursements thereunder.

Courts of equity have consistently refrained from enjoining the operation of penal ordinances, upon the ground that those affected thereby have an adequate remedy at law, when and if such ordinances may be effective to jeopardize their constitutional rights.

In the instant case, it does not appear from the allegations of the petition that the appellant is or may be personally and directly affected by the operation of the ordinance. It is not made to appear also that a multiplicity of suits will ensue. 16 O. Jur. 203, 204.

A court of chancery, however, will interfere to prevent an unwarranted and illegal expenditure of public funds. 39 O. Jur. 14.

Upon this phase of the demurrer, therefore, the court having such jurisdiction, the question then becomes, does the petition state a cause of action showing a threatened misapplication by the appellees of the public funds of the city of Cincinnati?

The petition alleges in brief that the city of Cincinnati has enacted an ordinance providing for the inspection of all motor vehicles using the streets of the city except road rollers. The inspections apply primarily to safety appliances thereon and are required to be made every six months. A charge of 50c is provided, except for vehicles owned by the United States Government and the State of Ohio, and the political subdivisions of the state. Upon a satisfactory inspection a seal is attached to the vehicle. When, upon inspection, a motor vehicle fails to meet the requirements of the standards of safety fixed by the statute, ordinance, or lawful authority, the owner or possessor thereof is notified of the objectionable defects, and it is made unlawful to operate such vehicle upon the streets of the city until such defects are corrected. The time for such correction is limited to seven days. It is also made unlawful for a motor vehicle to be operated after a collision, in which it is damaged, unless within 24 hours from its reconditioning it is inspected. Police officers may order in any vehicle for inspection not bearing a seal of approval and it is made unlawful to operate such vehicle after 24 hours following such notice until an inspection is had. Inspections, with certain exceptions, are required within five days following a sale of a motor vehicle.

The ordinance provides:

"Sec 74-28h. Fee Fund. All fees collected shall be deposited with the city treasurer to the credit of the 'Traffic Fund.' Said fund shall be used only for the purpose of

defraying the expenses of carrying out the provisions of this ordinance."

The provisions of the ordinance are made inapplicable to vehicles bearing unexpired inspection certficates or seals issued by any other public authority of competent jurisdicton.

It is contended that the ordinance is unconstitutional, in that by its provisions it usurps authority preempted by the state and that the ordinance constitutes an abuse of corporatae powers "not" possessed by the city.

Even if the ordinance be unconstitutional, a point which we specifically and definitely refrain from passing upon, we are at a loss to see how the allocation of funds received from its operations to the expense of carrying out the provisions of the ordinance can be considered a misapplication of the funds of the city.

The operators or owners of motor vehicles might have some claim to an unwarranted interference with their constitutional rights. This may or may not be so. When this question is properly presented, we will pass upon it. The ordinance may never be enforced. There may, therefore, never be any revenue therefrom. Those involved in its operation may be delighted to have the inspection provided for by the ordinance. All of these exigencies are speculative and conditional.

Upon the sole question presented by the petition and demurrer, we find no facts alleged showing a threatened misapplication of the funds of the city of Cincinnati.

The demurrer is properly sustained.

A decree may be entered accordingly, dismissing the petition.

HAMILTON and MATTHEWS, JJ, concur.